Maurice W. McCann,
(Yates County Judge and Acting Judge for Wayne County). The defendant-petitioner herein seeks by *545 means of a writ of error coram nobis to set aside Ms judgment of conviction entered upon Ms plea of guilty on October 1, 1957 to the crime of criminally having and carrying a loaded pistol as a felony.
Defendant-petitioner contends that his writ should be granted and his conviction set aside on the following grounds:
1. There was a delay in arraignment.
2. The section of the Penal Law alleged to have been violated was not set forth in the indictment.
What are the facts? The records in the County Clerk’s office show that the defendant was indicted in Wayne County in September, 1957 for “ criminally having and carrying a loaded pistol as a felony. ’ ’ The next regular term of the County Court convened on October 1, 1957 at which time defendant-petitioner was present with Ms attorney. He was arraigned and pleaded guilty as charged. His case was adjourned for sentence to October 22, 1957, at which time it was ag’ain adjourned for sentence to October 29, 1957. This latter date he received the sentence wMch he is presently serving. These facts are not disputed by the defendant. It is apparent from the records that there was no delay in his arraignment. His constitutional and statutory rights were not violated, there being no dispute as to facts, a hearing is unnecessary on this point.
The defendant-petitioner’s second contention that the indictment was defective in that it failed to set forth the section of law violated raises a question of law. Coram nobis is available only to correct an error of fact. (See People v. Sidote, 1 A D 2d 232.)
For the reasons set forth under each contention, the relief sought by the defendant-petitioner is denied.
Submit order in accordance with decision.